(51 App. Div. 11.)

BROWN v. PERRY et al.

(Supreme Court, Appellate Division, Fourth Department.   April 24, 1900.)

WILLS—DEVISE IN FEE—LIMITATION OF DEVISE—REMAINDER.
    Where testator devised to his wife all his real estate, with power to
    hold, mortgage, or sell and dispose of the same at public or private sale,
    "as she may deem best for her own personal benefit and for my children,"
    such devise was a devise. in absolute fee, and an expression of a parental
    desire that such children share in the benefit resulting therefrom.

    Appeal from trial term, Genesee county.
    Action by Ardelle J. Brown against Chastina E. Perry and others
to partition real estate.   From a judgment in favor of defendants,
plaintiff appeals.   Affirmed.
    Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

    Frank S. Wood, for appellant.
    George Bowen, for respondent Chastina E. Perry.
    William West Shaw, for respondent Olivia I. Merritt.

    ADAMS, P. J.   One Samuel Scofield departed this life in the
year 1878, leaving a last will and testament, which was subsequently
duly probated.   By such will the testator made the following disposi-
tion of his property, viz.:

    "After all my lawful debts are paid and discharged, I give and bequeath
to my wife, Laura E. Scofield, all of my personal and real estate of every
name and nature, with power to hold, mortgage, or sell and dispose of the
same at public or private sale at such times and upon such terms as she may
deem best for her own personal benefit and for my children."

    Laura E. Scofield, the widow of the testator, survived her husband
until May 12, 1899, when she also died, leaving a last will and testa-
ment, by which she gave and devised all of her property to the defend-
ant Chastina E. Perry.   This action is brought to partition a farm of
about 25 acres of which Samuel Scofield was seised in fee at the
time of his decease; and the sole question to be determined is wheth-
er, under the above provision of his will, his widow became the owner
of the absolute fee of such premises, or simply of a life estate therein.
The record which the appeal brings before us fails to disclose the en-
tire will of Samuel Scofield, and it must consequently be assumed
that the clause above quoted is the only provision of that instrument
by which any testamentary disposition of the testator's property is
accomplished.   Such, indeed, is the plain import of its language;
and, this being the case, it necessarily follows that the intent of the
testator must be gathered from that clause, unaided by any other
qualifying or explanatory provisions.   Circumscribed by this limita-
tion, the task which is set before us may be easily performed by in-
voking two familiar rules of construction, one of which is that an
express device can be limited and controlled by succeeding words
only where such words are definite and certain in their meaning; and
the other requires that, in order to limit a fee, there must be an
actual disposition of the same property to some other person or ob-

ject. Collet v. Lawrence, 1 Ves. Jr. 269; Jones v. Colbeck, 8 Ves. 42; 1 Jarm. Wills, 294; Parsons v. Best, 1 Thomp. & C. 211. With these rules in mind, the first thing to be noted is that the clause we are now construing contains no devise over to any person whatsoever, nor does it, either expressly or impliedly, confer upon any one but the devisee named therein the right to interfere in any manner with the enjoyment or disposition of the estate devised. This omission is significant, for, had the testator intended to give to his wife a life estate only, it is reasonable to suppose that he would have indicated with some degree of certainty the person to whom the remainder should go. But even greater significance must be given to the first part of the clause in question, for by it the testator expressly declares that, after all his lawful debts are paid and discharged, he gives and bequeaths to his wife, Laura E. Scofield, all of his personal and real estate of every name and nature. Assuredly, this language would seem to be sufficiently explicit to indicate an intention upon the part of the testator to vest his wife with an absolute fee to the estate devised, and therefore it only remains to be determined whether the intention thus expressed is in any sense impaired or qualified by the words which follow, viz.:

"With power to hold, mortgage, or sell and dispose of the same at public or private sale at such times and upon such terms as she may deem best for her own personal benefit and for my children."

We are clearly of the opinion that it is not. As the owner in fee, the devisee would have the right, in the exercise of her discretion, to make precisely the same disposition of the estate devised as is contemplated by the will, and the provision which it is claimed requires that the testator's children should share in any benefit which might result therefrom must, we think, be treated merely as the expression of a parental desire, and not as a limitation of the devise. Certainly, this language is not sufficiently definite and certain to meet the requirements of the rule to which we have adverted; nor, as we construe it, does it in any wise conflict with the absolute ownership of the property by the devisee. Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11; Goodwin v. Coddington, 154 N. Y. 283–286, 48 N. E. 729. It follows that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.